IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| In re: | Case No. 21-61052-RKK |
|---|---|
| ANN M GERLING | Chapter 7 |
| Debtor. | Judge Russ Kendig |

**APPLICATION FOR AUTHORITY TO EMPLOY
RICHARD T. KIKO AGENCY INC. AS TRUSTEE'S REALTOR**

Now comes Anthony J. DeGirolamo, Chapter 7 Trustee, by and through counsel, and hereby makes this Application for Authority to Employ Richard T. Kiko Agency, Inc. as Realtor for the purpose, reasons, and upon the terms set forth in this Application:

1. The Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on August 2, 2021, with Anthony J. DeGirolamo being appointed to serve as the Trustee (the "Trustee").

2. The Trustee seeks the Court's authorization to employ Richard T. Kiko Agency, Inc. ("Realtor") to conduct a sale of certain real property of the Debtor located at 10869 CH 58, Upper Sandusky, Ohio 43351, which has a scheduled value of $160,000.00 and 19867 CH 85, Forest, Ohio 45843, which has a scheduled value of $59,000.00.

3. The Trustee is informed and believes that the Realtor has the appropriate auction skills needed to perform the sale. The Realtor and George Kiko have agreed to perform such sale of the real property and have agreed to accept as its fee such amounts as are determined by the Court.

4. Subject to court approval, the Trustee and the Realtor have agreed that the Realtor is to be paid as follows: ten percent (10%) of the highest bid, plus expenses estimated to be $1,500.00. A buyer's premium of ten percent (10%) will be added to the highest bid to establish the purchase price. The buyer's premium will be applied to the Realtor's commission so the estate will receive the highest bid amount less expenses. See Exhibit A attached hereto.

5. The Trustee believes that the granting of this Application is in the best interest of the creditors and the estate.

6. The Trustee has attempted to determine whether the Realtor is a disinterested persons within the meaning of 11 U.S.C. §101(14) and Rules 2014 and 2016(a) of the Federal Rules of Bankruptcy Procedure. Attached hereto as Exhibit B and incorporated herein is a Declaration and Verified Statement of George Kiko ("Kiko") supporting the Trustee's conclusion that the Realtor is a disinterested person within the meaning of the Bankruptcy Code and Rules.

7. Kiko is aware of the provisions of 11 U.S.C. §328 and has agreed on his own behalf and on behalf of the Realtor, notwithstanding the terms and conditions of employment set forth herein, that the Court may allow compensation different from the compensation provided herein if such terms and conditions prove to have been improvident in light of developments unanticipated at the time of the fixing of such terms and conditions.

8. For the foregoing and all other necessary and proper purposes, the Trustee desires to retain Richard T. Kiko Agency, Inc. as the Trustee's Realtor in this case.

WHEREFORE, the Trustee prays that the Court enter an order attached hereto as Exhibit C, granting this Application and that the Trustee be authorized to employ Richard T. Kiko Agency, Inc. as realtor to conduct a sale of the Debtor's real property on the terms and conditions contained in this Application, and grant any other and further relief that the Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Drive NW, Suite 100B
Canton, Ohio 44718
Telephone: 330-305-9700
Facsimile: 330-305-9713
Email: tony@ajdlaw7-11.com

COUNSEL FOR THE
CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2021, a copy of the foregoing Application was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- Patti Baumgartner-Novak    PMBN@Buckeye-Express.com
- Anthony J. DeGirolamo    tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;G23630@notify.cincompass.com
- Anthony J. DeGirolamo, Trustee - Mansfield    tony@ajdlaw7-11.com, ad@trustesolutions.com;amber@ajdlaw7-11.com;AD07@trustesolutions.net
- John M Liming    JLiming@clemenslawoffice.com
- United States Trustee    (Registered address)@usdoj.gov

                                                /s/ Anthony J. DeGirolamo
                                                Anthony J. DeGirolamo

The undersigned hereby certifies that a copy of the foregoing Application was served via regular U.S. Mail, postage prepaid, upon those listed below, this 29th day of September, 2021.

                                                /s/ Anthony J. DeGirolamo
                                                Anthony J. DeGirolamo

Richard T. Kiko Agency, Inc.
Attn: George Kiko
2722 Fulton Drive NW
Canton, Ohio 44718

**EXHIBIT A**




2722 Fulton Dr. NW
Canton, Ohio 44718
(330) 453-9187

### REAL ESTATE AUCTION SALES LISTING CONTRACT

In consideration of your efforts to find a purchaser and to sell the real estate as described below, I or we ("Owners") hereby give or grant to KIKO Auctioneers and/or KIKO realtors ("Kiko") the exclusive right to sell said real estate, property known as:

__10869 CH 58 Upper Sandusky Ohio 43351 & 19867 CH 85 Forest Ohio 45843__

("Property")
at PUBLIC "ABSOLUTE AUCTION" to be held on the __19__ day of __November__, 20__21__ at _____ a.m. 12pm & 1pm p.m.

An "absolute auction means that the property shall be sold to the highest bidder without reserve, shall not require a minimum bid, shall not require competing bids of any type or permit bidding by seller or an agent of seller, and that the property cannot be withdrawn from the auction after the auction is opened and there is a public solicitation or calling for bids. Owners represent and warrant that they intend to transfer ownership of the Property to the highest bidder. Any auction subject to court approval is, by law, a reserve auction as defined on the reverse side of this agreement. Is this auction subject to court approval? _X_Yes ___No _AJD_

Owners represent and warrant that they have full legal right and authority to convey said real estate to a purchaser, shall furnish Title Insurance, and fully intend to convey good and marketable title to the Property with general warranty covenants and release of dower to the highest bidder, subject to all legal highways and free and clear of all liens and encumbrances. Owner warrants that the following is a complete list of liens and encumbrances: _____

Owners further represent and warrant that Owners have the financial ability to and shall pay off all liens and encumbrances and pay all commissions and fees on the Property even if sale proceeds are insufficient to cover them.

It is further agreed that:
1. The highest valid bidder in the discretion of the Kiko auctioneer conducting the sale shall be the purchaser of the Property. Owner consents to the policy of Kiko to either allow or disallow absentee bidding in the sole discretion of the auctioneer in charge of the sale.
2. This auction will include a 10% Buyer's Premium to be added to the highest bid to establish the purchase price. KIKO shall retain the total Buyer's Premium dollar amount as professional fee/commission or a minimum fee of $_____, whichever is greater.
3. The Owners shall pay 100% of advertising cost as outlined on the reverse of this agreement. Owner will advance KIKO $__0__ for advertising expenses, any unused portion will be credited back to seller at closing, any balance due will be a cost of seller paid to Kiko from proceeds of sale at closing.
4. **By initialing here,** _AJD_ _____ the undersigned acknowledges that they have read the provisions including but not limited to advertising costs, multi parcel auction process, access to property authorization, Owner bidding, payments of fees, commissions, and deposits, term of agreement, authorizing for "Auction Sale" signs, MLS listing entry, termination clause, arbitration clause, fair housing, internet operating, and auction definitions which are printed on the reverse side of this agreement.
5. Privacy Consent. The undersigned hereby waive our privacy rights and agree that Kiko, of 2722 Fulton Dr., NW, Canton, Ohio, may acquire and use for its own purposes the following information:
   Lien(s) held by: _____, account number(s) _____
   Mortgage(s) held by: _____, account numer(s): _____
   Payoff balance and status of all lien(s) and mortgage(s), Payoff balance and status of the details of the closing of my property as set out on the closing statement or HUD Form.
   Owner(s) federal tax identification number or social security number(s): _____
   The undersigned authorizes & directs all of my/our mortgage or lien holders to provide to Kiko all of the above described information & further authorizes any closing/escrow agent to provide copies of disclosures & settlement statements to Kiko.
6. Do you own the Mineral Interest? (Gas & Oil, Sand, Gravel, Coal, Other): ___YES ___NO _X_NOT SURE
   _X_Yes ___No Owner agrees to sell & transfer ALL mineral ownership rights they may currently own with the property to buyer. Do you receive free gas, royalties of any kind, or are you in a oil & gas or mineral right lease active or pending? ___Yes _X_No
   If Yes, details _____
7. Owner chooses to sell minerals &/or Oil&Gas rights **SEPARATE** from surface **or RESERVE** the rights, see **the Selling Mineral Interests Addendum** ___Yes _X_No
8. Owner chooses to sell using the Multi Par Auction method, see **the Multi Parcel Auction Process Addendum** ___Yes _X_No
9. Owner chooses to offer online internet bidding _X_Yes ___No

THIS IS A LEGALLY BINDING CONTRACT; IF NOT UNDERSTOOD, SEEK LEGAL COUNSEL.

This auctioneer is licensed by the Ohio Department of Agriculture, and is bonded in favor of the State of Ohio or by the State of Ohio under the Auction Recovery Fund.

Agent/Auctioneer __George Kiko__    OWNER (S) _____ Trustee _____ Date 9/23/21

Agent/Auctioneer _____    _____ Date _____

Attorney/title Company: __Exclusive Title__    Present Address __3930 Fulton Dr NW__
                                                                __suite 100B__
*The Following expenses to be paid by Owners:*                  __Canton Ohio 44718__

TERMITE INSPECTION: required on all residential property.    Email: __Tony@ajdlaw7-11.com__

Name to contact for access: _____    Phone #: _____ Cell#: __3303059700__

Phone #: _____    Lead Based Paint Disclosure Attached (built prior to 1978) _X_yes ___no

Company to Use: _____    Residential Property Disclosure Form Attached: ___yes _X_no
ADVERTISING: __Wyandot County 3x - Facebook  - Local free press - MLS if available -__

SIGNS: __Yes_____ MAILING: __Yes_____ POLICE: _____
SURVEY, If required, paid for by: _____ SURVEYOR Name: _____ Phone #: _____
CAUV status: _____ WELL: __Yes__ SEPTIC: __Yes__ PORT-A-JON: __No__ MOBILECHEF: __No__ TENT: _____
RESERVATIONS: _____ ADDITIONAL INFO: _____
Form 6/30/20

1. All advertising costs including, but not limited to, preparation, promotion, signs, flyers and mailings shall be paid by Owners. If placed in the MLS (Multi Listing Service of Realtors), listing will be entered 2 weeks prior to auction date.

2. Owner authorizes KIKO & auctioneer in charge of the auction, in their sole discretion, to decide how to structure, advertise, and sell the real property including the possible utlization of the Multi Parcel Auction method. Multi Par Auction (ORC 4707.019Q) – means any auction of real or personal property in which multiple parcels or lots are offered for sale in various amalgamations, including as individual parcels or lots, combinations of parcels or lots, and all parcels or lots as a whole.

3. Owner authorizes KIKO and the auctioneer/realtor in charge of the auction to allow licensed appraisers, inspectors, and other professional service providers or government inspectors into the seller's property UNACCOMPAINED by a Kiko agent.

4. Owners acknowledge that Owners, or an agent on their behalf, are not permitted to bid on or buy back their own real property being sold at auction.

5. All fees/commissions are earned upon execution of the contract of auction and are to be based on the sale price notwithstanding Buyer's or Owners' default or refusal or inability to transfer the property or otherwise complete the sale. Owner authorizes and directs escrow agent to pay Kiko all fees/commissions and all costs as set forth herein.

6. All fees/commissions to be based upon the sale of the Property either at the auction sale or otherwise from the date of this agreement through and including the 180th day following the auction sale date. All fees/commissions shall be deemed to be earned and shall be due and payable by Owners to Kiko whether the sale is at auction or otherwise negotiated by Kiko or by anyone else during said period. The fees/commission of 10% of gross sale price and all advertising, preparation, and promotion expenses will be paid by owner if property is sold prior to or after the auction.

7. A deposit is to be collected at the time of the sale by cash, check, note or other collateral at the discretion of Kiko, which shall be paid or credited to the Owners at the closing. Kiko makes no representation as to the validity or collectability of any check or note accepted as a deposit, nor does it undertake the responsibility for collecting said check or note. Owner shall be liable for all related check and other bank service fees.

8. Settlement shall include the collection of the balance due from Buyer, the transfer of title to Buyer and the payment of the costs of sale and disbursement of net proceeds to Owners. Owners authorize and direct the closing and settlement to be conducted by a third party settlement/escrow agent and authorize Kiko to transfer any deposits it receives and collects to the settlement/escrow agent.

9. Owners authorize Kiko to deduct all fees/commissions and any other un-reimbursed costs from any cash it receives as a deposit from Purchaser, either at the time of transfer of funds to an escrow or settlement agent or at the time of disbursement to Owners or escrow agent.

10. Owners hereby authorize Kiko to place "Auction Sale" signs on the Property and to remove all other signs and have access to the Property at reasonable hours for purposes of showing same.

11. Owner acknowledges that compliance with many of the terms and provisions of this Agreement are mandated by state and federal statutes and regulations and good business practices, therefore, in the event that Broker, in Broker's sole opinion, determines that Owner cannot or will not comply with the requirements of state or federal law, cannot or will not comply with mandatory requirements of this agreement such as providing a responsible party in regard to payment of liens or being able to provide marketable title to a buyer or becomes uncooperative with Broker in the preparations for or the actual conducting of the auction sale then, in that event, Broker may elect to terminate this agreement and not conduct the auction sale. If the contract is terminated pursuant to this provision, Owner shall be liable to Broker for all out-of-pocket expenses incurred through the time the contract is cancelled.

12. Kiko Auctioneers is providing internet pre-auction and live bidding as a service to bidders. Owner and Bidders acknowledge and understand that this service may or may not function correctly the day of the auction. Under no circumstances shall a bidder or owner have a claim against Kiko Auctioneers, the seller, the buyer, Proxibid, or anyone else, if the internet service fails to operate correctly before or during the live auction. Kiko Auctioneers will not be responsible for any missed bids from any source.
Internet bidders who desire to make certain their bids are acknowledged may use the online-bidding feature allowing them to leave a maximum bid 24 hours before the auction begins, which will not be disclosed to owner or auctioneer. Kiko Auctioneers reserves the right to withdraw property in the auction.

13. Absolute auction means that the property shall be sold to the highest bidder without reserve, shall not require a minimum bid, shall not require competing bids of any type or permit bidding by seller or an agent of seller, and that the property cannot be withdrawn from the auction after the auction is opened and there is a public solicitation or calling for bids.

14. Reserve auction means an auction in which the seller or an agent of the seller reserves the right to establish a stated minimum bid, the right to reject or accept any or all bids, or the right to withdraw the real or personal property at any time prior to the completion of the auction by the auctioneer.

15. <u>Fair Housing:</u> It is illegal, pursuant to the Ohio Fair Housing Law, Division (H) of Section 4112.02 of the Revised Code and the federal fair housing law, 42 U.S.C.A. 3601, as amended, to refuse to sell, transfer, assign, rent, lease, sublease, or finance housing accomodations, refuse to negotiate for the sale or rental of housing accomodations, or otherwise deny or make unavailable housing accomodations because of race, color, religion, sex, familiar status as defined in Section 4112.01 of the Revised Code, ancestry, military status as defined in that Section, disability as defined in that Section, or national origin or to so discriminate in advertising the sale or rental of housing, in the financing of housing, or in the provision of real estate brokerage services. It is also illegal, for profit, to induce or attempt to induce a person to sell or rent a dwelling by representations regarding the entry into the neighborhood of a person or persons belonging to one of the protected classes.

16. In the event a dispute arises concerning this contract and/or the performance of Owner(s) or Kiko (including any Owner, officer, agent or employee of Kiko) arising out of or in any way related to this contract or any of their acts or performance in connection therewith, the dispute shall be submitted to binding arbitration through and pursuant to the rules of the American Arbitration Association or similar arbitration organization. By agreeing to arbitration, all parties waive their right to court or jury trial. The party first filing shall have the right to select the arbitration association to hear the matter. All claims, including cross-claims and counterclaims, must be brought in the arbitration or are waived. It is understood that the arbitration will be administered by said arbitration association and will include the use of its arbitrators. The arbitrator shall have actual experience with the sale of the type of property being sold pursuant to this contract. All issues of arbitrability shall be determined solely by the arbitrator. All costs and/or fees of the arbitration shall be equally divided among all parties to the arbitration and all parties to the arbitration shall be solely responsible for paying their own attorney's fees. All incidental, consequential, and punitive damages of any type or nature are hereby waived by all parties to this contract. Any and all disputes, whether by arbitration or otherwise, shall be venued, heard and decided in Stark County, Ohio, unless agreed to by Owner(s) and Kiko.

Form 6/30/20

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 21-61052-RKK |
| ANN M GERLING | Chapter 7 |
| Debtor. | Judge Russ Kendig |

**DECLARATION AND VERIFIED STATEMENT OF**
**GEORGE KIKO, RICHARD T. KIKO AGENCY, INC.**

The undersigned, George Kiko, hereby states:

1. He is an auctioneer duly licensed by the State of Ohio to conduct a sale of the assets described in the annexed Application to Employ Realtor (the "Application").

2. That he is an employee of Richard T. Kiko Agency, Inc., and that all the employees of Richard T. Kiko Agency, Inc. who may be rendering similar services are also duly licensed Realtors in the State of Ohio.

3. That he has read the Application and that he and Richard T. Kiko Agency, Inc., agree to and approve all the terms and conditions therein.

4. That neither he nor Richard T. Kiko Agency, Inc. has any connection with the Debtor, the Trustee, the Creditors, or any other party in interest, or their respective attorneys and/or accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

5. That he and Richard T. Kiko Agency, Inc. are disinterested persons and do not hold or represent any interest adverse to the interest of the estate.

6. That neither he nor any employee of Richard T. Kiko Agency, Inc. is a relative of the Bankruptcy Judge approving the employment of Richard T. Kiko Agency, Inc., and no employee of Richard T. Kiko Agency, Inc., including George Kiko is or has been connected with the United States Trustee or the Bankruptcy Judge so as to render the appointment of Richard T. Kiko Agency, Inc. improper.

Verified under penalty of perjury that the foregoing is true and correct this 27 day of September, 2021.

_____
George Kiko

STATE OF OHIO )
) SS:
COUNTY OF STARK )

SWORN TO BEFORE me and subscribed in my presence by George Kiko on this 27 day of September, 2021.

_____
Notary Public

DENISE R. JONES
Notary Public, State of Ohio
My Commission Expires 03-08-2023

**EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ANN M GERLING<br><br>Debtor. | Case No. 21-61052-RKK<br><br>Chapter 7<br><br>Judge Russ Kendig |

**ORDER AUTHORIZING THE TRUSTEE TO RETAIN
AND EMPLOY RICHARD T. KIKO AGENCY INC.**

This matter coming to be heard on the Application of the Trustee for Authority to Retain and Employ Richard T. Kiko Agency, Inc. (the "Realtor") (the "Application"), filed by the duly appointed chapter 7 trustee in the above-captioned chapter 7 case (the "Trustee"); the Court having reviewed the Application and the Disclosure of Compensation and Verified Statement of George Kiko, attached to the Application as Exhibit A (the "Verified Statement"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of this chapter 7 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) notice of the

Application was sufficient under the circumstance; and the Court having determined that the legal and factual bases set forth in the Application and the Verified Statement establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Application shall be, and hereby is, GRANTED.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Application and the Verified Statement.

3. The Trustee is authorized to retain and employ the Realtor in the Debtor's chapter 7 case, pursuant to section 327(a) of the Bankruptcy Code or Bankruptcy Rule 2014, and the terms set forth in the Application.

4. The Realtor shall be compensated for such services and reimbursed for any related expenses at the closing of the sale of the Debtor's real property in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders of this Court.

# # #

PREPARED BY:

Anthony J. DeGirolamo (0059265)
3930 Fulton Drive NW, Suite 100B
Canton, Ohio 44718
Telephone: 330-305-9700
Facsimile: 330-305-9713
Email: tony@ajdlaw7-11.com

COUNSEL FOR THE
CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE**

I hereby certify that on _____ __, 2021, a copy of the foregoing Order was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- Patti Baumgartner-Novak    PMBN@Buckeye-Express.com
- Anthony J. DeGirolamo    tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;G23630@notify.cincompass.com
- Anthony J. DeGirolamo, Trustee - Mansfield    tony@ajdlaw7-11.com, ad@trustesolutions.com;amber@ajdlaw7-11.com;AD07@trustesolutions.net
- John M Liming    JLiming@clemenslawoffice.com
- United States Trustee    (Registered address)@usdoj.gov

                                                    Deputy Clerk

The undersigned hereby certifies that a copy of the foregoing Order was served via regular U.S. Mail, postage prepaid, upon those listed below, this _____ day of _____, 2021.

                                                    Deputy Clerk

Richard T. Kiko Agency, Inc.
Attn: George Kiko
2722 Fulton Drive NW
Canton, Ohio 44718